HAROLD MORRIS ET AL. *vs*. FRED O. BROWN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 7th—decided July 26th, 1932.

*Charles H. Hull,* for the appellant (defendant).

*Arthur T. Keefe* and *Leon J. Beisheim,* for the appellees (plaintiffs).

BANKS, J. The defendant and Fred L. Cressey of Boston, on December 15th, 1925, formed a partnership for the purpose of dealing in grain, hay and produce under the trade name of The Canadian Hay & Grain Company, which was later changed to Canadian Hay & Grain Company, Ltd. From and after June, 1928, Edward P. Rose of West Winfield, New York,

purchased hay in that vicinity for the account of Canadian Hay & Grain Company, Ltd. and between April 30th and May 2d, 1929, the plaintiffs sold and delivered to Rose certain lots of hay for which Rose agreed to pay $753.18. The plaintiffs in these transactions extended credit exclusively to Rose, believing that he was purchasing the hay as a principal, and not as agent for any other person. Rose died August 13th, 1929, and prior to his death informed the plaintiffs that in purchasing this hay he was acting as the agent of Canadian Hay & Grain Company, Ltd., and of the defendant. The plaintiffs presented a claim against Rose's estate for the purchase price of the hay, and also brought this action claiming that the defendant was the undisclosed principal of Rose in these transactions. The defendant disclaims liability for three reasons: First, that Rose was not at any time the agent of the partnership, but bought the hay for his own account and resold it to the partnership; second, that the partnership was terminated prior to the transactions with the plaintiffs, and third, that the plaintiffs elected to hold Rose and not the defendant as an undisclosed principal.

The court has found that the defendant in June, 1928, offered to engage Rose as agent to buy hay for Canadian Hay & Grain Company, Ltd., and that Rose accepted the offer. These findings are not attacked, and the evidence supports the court's finding that in his dealings with Canadian Hay & Grain Company, Ltd., Rose was acting as agent for that concern, receiving a commission of $1 per ton for hay purchased by him for it.

The vital question in the case was whether or not there had been, prior to the transactions with the plaintiffs, such a termination of the partnership between the defendant and Cressey as to relieve the

former of responsibility for the contracts of Rose as agent of that partnership. The court found that the partnership between Cressey and the defendant was not terminated and adjusted prior to the transactions with the plaintiffs. It also found that as between the two partners an adjustment of the business was to be made as of December 31st, 1928, but that no notice of the termination of the partnership was given to Rose until July 22d, 1929, which was subsequent to the purchase of hay from the plaintiffs, and reached the conclusion that, whatever might have been the arrangements between the partners subsequent to the original employment of Rose as their agent, since no notice was given to him affecting his employment as agent during the period covered by the transactions with the plaintiffs, the defendant was estopped to claim that the partnership was terminated or Rose's authority revoked prior to such transactions. If the finding is to be interpreted as a finding that, as between the two partners, the partnership was still in existence at the time of the purchase of hay from the plaintiffs, it is without support in the evidence. The written agreement between Cressey and the defendant, which the trial court and counsel have treated as a partnership agreement, provided that it should continue in force for the period of six months from December 15th, 1925, to June 15th, 1926. However, it was in June, 1928, that the defendant, purporting to act for the partnership, employed Rose as its agent, and the court was justified in finding that the partnership did not terminate on June 15th, 1926. But on December 3d, 1928, the defendant wrote Cressey that he had been advised that he must get out of business on account of his health and would be obliged to withdraw as soon as it could be arranged but before January 1st. To this Cressey replied that he would gov-

ern himself accordingly and they could later make their adjustments as of December 31st, 1928. Both Cressey and the defendant testified that the latter had severed all connection with the business prior to January 1st, 1929. There was no evidence in the case that the defendant was in any way connected with the conduct of the business after that date, and the defendant was entitled to a finding that such was not the case.

However, the decision of the court was apparently based upon its conclusion that, whatever may have been the arrangement between the partners as to its termination, defendant was estopped to claim that it was terminated prior to the transactions with the plaintiffs because of his failure to give Rose notice of the change. In reaching this conclusion the court no doubt had in mind the well-settled rule that after the dissolution of a partnership a former partner may be liable to one who has dealt with the partnership if he has received no notice of the dissolution and has given credit to the firm upon the faith of his connection with it. In such case the former partner is estopped to deny his connection with the partnership in favor of one who has dealt with it on the strength of that connection. The plaintiffs say in their brief that the defendant is estopped, so far as Rose is concerned, to set up as a defense that he had withdrawn from the partnership prior to the purchase of the hay from them. Conceding this to be true, we fail to see upon what theory they can claim the benefit of such estoppel. Concededly they did not extend credit to the partnership upon the faith of the defendant's connection with it. They did not even know, so far as appears, of his existence or that of the partnership, when they sold the hay to Rose. The liability of the defendant as an

undisclosed principal cannot be predicated upon a course of conduct in holding himself out as a principal because the plaintiffs had no knowledge of such conduct, and therefore could not and did not rely upon it. Since they did not rely upon it, no estoppel arises in their favor, regardless of the situation so far as Rose was concerned. *Porter* v. *Orient Ins. Co.,* 72 Conn. 519, 530, 45 Atl. 7; *United States Wood Preserving Co.* v. *Lawrence,* 89 Conn. 633, 95 Atl. 8. The court erred in holding that the defendant was estopped to prove that the partnership was terminated, and Rose's authority as his agent revoked, prior to the sale by the plaintiffs. In the view we have taken of the case it becomes unnecessary to discuss the question of whether the plaintiffs elected to hold Rose and thereby discharged the liability of the defendant.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.